IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIGUEL L., | ) | |
| | ) | No. 24 C 13071 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Miguel L. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

On June 23, 2021, plaintiff applied for benefits, alleging a disability onset date of November 18, 2021. (R. 59.) His application was denied initially, on reconsideration, and after a hearing. (R. 20-28, 59-74.) Plaintiff appealed to the Appeals Council, which after adopting the vocational expert's testimony as to step five, affirmed the ALJ's decision (R. 1-7.) This appeal followed.

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 23, 2021, the application date. (R. 22.) At step two, the ALJ found that plaintiff has the severe impairments of glaucoma of the left eye and retinal detachment, anxiety disorder, depression, neurocognitive disorder, glaucoma of the right eye, and asthma. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 23.) At steps four and five, respectively, the ALJ and Appeals Council found that plaintiff has no past relevant work but has the RFC to perform work that exists in significant numbers in the national economy, and thus he is not disabled. (R. 5-6, 24, 27-28.)

Based on the vocational expert's testimony, the Appeals Council found that plaintiff has the RFC to perform "[j]obs such as host (DOT 349.667-014), with 30,000 jobs the national economy; copy messenger (DOT 239.677-010), with 100,000 jobs in the national economy; and

cleaner (DOT 323.687-014) with 224,000 jobs in the national economy." (R. 6.) Plaintiff contends that the SkillTRAN database, which the Commissioner deems reliable, shows that the host and copy messenger jobs no longer exist, and plaintiff's RFC shows that he cannot perform the duties of cleaner. Plaintiff did not, however, object at the hearing to the vocational expert's testimony about the available jobs or her conclusion that plaintiff can perform the duties of cleaner. Thus, he forfeited the arguments. *See Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004) ("[B]ecause Barrett's lawyer did not question the basis for the vocational expert's testimony, purely conclusional though that testimony was, any objection to it is forfeited."); *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009) (plaintiff forfeited argument about validity of job numbers by failing to object to the VE's testimony during the hearing).

Plaintiff also argues that the ALJ did not properly evaluate the medical opinions of plaintiff's treating ophthalmologist Dr. Allahdina. Dr. Allahdina opined that because of plaintiff's vision problems, he could never do work that involves depth perception, could occasionally do work that involves near and far acuity and field of vision, and would be unable to avoid "ordinary hazards in the workplace such as boxes on the floor, doors ajar, approaching people or vehicles." (R. 513.) The doctor also said that plaintiff's symptoms are severe enough to interfere constantly with attention and concentration needed to perform even simple work tasks. (R. 514.) The ALJ said this about Dr. Allahdina's opinions:

> Dr. Ali Allahdina, the claimant's vision specialist, found the claimant was blind in his left eye and had a guarded prognosis for his right eye. The best corrected acuity in the right eye was 20/40. Dr. Allahdina opined that the claimant occasionally could perform work that requires far acuity and near acuity and field of vision. He cannot avoid ordinary hazards (7F), which seems inconsistent with the relatively good vision in his right eye. This doctor also opined as follows. He had no difficulty with stairs. He could not work with large objects, but could work with small objects, which seems potentially inconsistent, He can occasionally lift 20 pounds. Strenuous work would be risky for him. He has monocular vision and consequently poor depth perception. The undersigned finds Dr. Allahdina's opinion partially persuasive.

(R. 27.) Plaintiff argues that the ALJ rejected Dr. Allahdina's opinions that plaintiff cannot avoid ordinary hazards and could work with small but not large objects without tethering his conclusions to the evidence.

The Court agrees. The only basis the ALJ gave for rejecting Dr. Allahdina's opinions was that they seemed to be inconsistent. An ALJ's lay intuition about a medical source's opinions is not, however, a factor to be considered in evaluating medical opinions. *See* 20 C.F.R. § 416.920c(c) (listing factors). Moreover, the ALJ's failure to properly assess Dr. Allahdina's opinions is not harmless error because the vocational expert was not asked whether plaintiff could perform jobs that exist in significant numbers in the national economy if he were unable to avoid ordinary hazards – a limitation that would apply to all jobs identified by the VE. Accordingly, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, grants plaintiff's motion for summary judgment [ECF 14], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings.

**SO ORDERED**                                                             **ENTERED:** September 17, 2025

**M. David Weisman**
**United States Magistrate Judge**